Monica Ann BURNS, Appellant,

v.

Joe W. BURNS, Appellee.

No. 05–02–01770–CV.

Court of Appeals of Texas,
Dallas.

Oct. 7, 2003.

Jerome Neal Stein, Landon & Stein, LLC, Dallas, for appellant.

Lauren Thompson, Law Office of Rothwell B. Pool, Terrell, Georganna L. Simpson, Law Offices of Georganna L. Simpson, Dallas, for appellee.

Before Justices MORRIS, O'NEILL, and LANG.

## OPINION

Opinion by Justice LANG.

This is an appeal from a final decree of divorce in which the appellee was named joint managing conservator with the exclusive right to establish the primary residence of the parties' minor child, and appellant was ordered to pay child support. Appellant argues that the court's order is improper under section 153.004 of the Texas Family Code because there was credible evidence that appellant was a victim of family violence committed by appellee. In seven issues appellant makes the following arguments: (1) in determining whether to appoint appellee sole or joint managing conservator the trial court failed to consider and to reflect in its decree that it considered "evidence of the intentional use of abusive physical force by a party against the party's spouse," in contravention of section 153.004(a) of the Texas Family Code; (2) in light of the provisions of section 153.004(b) of the Texas Family Code the trial court improperly named appellee joint managing conservator of the minor child; (3) in light of the evidence of family violence and the entry of a protective order against appellee by a court in Dallas County, and in contravention of the rebuttable presumption of section 153.004(b) of the Texas Family Code, the trial court improperly named appellee joint managing conservator with the exclusive right to determine the child's primary residence; (4) in light of the evidence of family violence and the entry of a protective order by a court in Dallas County, the trial court improperly failed to name appellant sole managing conservator; (5) in light of the credible evidence of family violence the trial court improperly failed to grant appellant the right to establish the primary residence of the child; (6) the trial court improperly failed to make findings of fact and conclusions of law as required by section 153.004(d)(1); and finally, (7) in light of the evidence of family violence the trial court improperly ordered appellant to pay appellee child support, and failed to order appellee to pay appellant child support. For the reasons set forth below, we affirm the trial court's judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

Appellant and appellee were married in 2000 and separated on January 25, 2002. At the time of their separation the parties resided in Van Zandt County. The actual separation was acrimonious. The events of the separation are the basis of appellant's allegations of family violence. Appellant claims appellee and his father attacked her in an attempt to prevent her from leaving with the couple's child. Appellee claims he merely acted defensively. Despite the alleged attack, appellant left the Van Zandt County residence with her daughter and stayed with family in Dallas County. After their separation, appellee

filed for divorce and appellant filed an application for a protective order.

The litigation began with the filing of appellee's petition for divorce on January 29, 2002 in Van Zandt County. Then, appellant filed her application for a protective order on January 30, 2002, in Dallas County. The 292nd district court in Dallas County issued an ex parte protective order on January 31, 2002.

On February 7, 2002, appellant filed her counter-petition for divorce in the Van Zandt County proceeding and alleged that appellee had committed family violence. Attached to her counter-petition was a copy of the ex parte protective order issued by the Dallas County Court.

On February 14, 2002, the court in Van Zandt County held a hearing on temporary orders. At the hearing, which both parties attended, appellant testified to the violence of January 25, and appellant's attorney told the court in Van Zandt County that an ex parte protective order had been issued in Dallas County. The Van Zandt County Court appointed the parties joint managing conservators with alternate one-week periods of possession of their daughter.

On February 18, 2002, the 292nd Court in Dallas County held a hearing on appellant's application for protective order. After a hearing attended by both parties, the court in Dallas County issued a protective order in which the court found that "family violence has occurred and that family violence is likely to occur in the foreseeable future."

On February 27, 2002, appellant filed a motion in the Van Zandt County Court for additional temporary orders alleging the need for the additional orders was due, in part, to the issuance of the protective order issued by the Dallas County Court. The protective order was not attached to the motion. No hearing was set on the motion, nor was any ruling obtained on this motion.

On July 2, 2002, the court in Van Zandt County conducted a bench trial on the merits at which appellant again testified to the alleged family violence. No offer of evidence was made of the application or protective orders. However, under questioning by appellant's attorney, appellee admitted to the entry of the protective order. The court ruled from the bench that appellee had the exclusive right to establish the primary residence of the minor child. Appellant's attorney called the court's attention to section 153.004 of the Texas Family Code and requested that appellant be awarded primary custody of the minor child. The court responded, "So noted. The request will be overruled."

The court in Van Zandt County entered a Final Decree of Divorce August 13, 2002, and named appellee joint managing conservator with the exclusive right to establish the primary residence of the minor child. The court also ordered appellant to pay appellee child support.

On August 28, 2002, appellant filed her request for findings of fact and conclusions of law. The court filed no findings and conclusions. On September 11, 2002, appellant filed a Motion for New Trial and attached a copy of the protective order issued by the 292nd court in Dallas County. The trial court took no action on the motion for new trial and it was overruled by operation of law.

On November 8, 2002, appellant filed her notice of appeal.

CONSERVATORSHIP OF CHILD

█ In issues one, two, and three, appellant claims that the trial court violated several sections of § 153.004 of the Texas Family Code when it: (1) failed to consider evidence of appellee's intentional use of

abusive force; (2) named appellee joint managing conservator; and (3) named appellee joint managing conservator with the exclusive right to establish the primary residence of the minor child.

In her first issue, appellant argues that the trial court failed to comply with the requirement of § 153.004(a) that "[i]n determining whether to appoint a party as a sole or joint managing conservator, the court shall consider evidence of the intentional use of abusive physical force by a party against the party's spouse." Appellant argues that the record does not reflect that the court considered the "evidence of the intentional use of abusive physical force" by appellee.

In support of her second issue, appellant cites the prohibition contained in § 153.004(b) that "[t]he court may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by one parent directed against the other parent." Appellant argues that appellee should not have been named joint managing conservator because there was "credible evidence ... of a history or pattern" of physical abuse of appellant by appellee.

In support of her third issue, appellant cites the rebuttable presumption contained in § 153.004(b) "that the appointment of a parent as the sole managing conservator of a child or as the conservator who has the exclusive right to determine the primary residence of a child is not in the best interest of the child if credible evidence is presented of a history or pattern of past or present child neglect, or physical or sexual abuse by that parent directed against the other parent."

As applied to this case, the operation of these code sections depends on the existence of "evidence of the intentional use of abusive force" (§ 153.004(a)) or "credible evidence ... of a history or pattern" of physical abuse (§ 153.004(b)). Appellant claims that the entry of protective orders by the 292nd court in Dallas County and oral testimony before the court in Van Zandt County established such evidence.[1]

In the ex parte protective order dated January 31, 2002, the court in Dallas County found a "clear and present danger of family violence." It was not until the protective order issued February 18, 2002, that the Dallas County Court found that "family violence" had occurred. "Family violence" is defined by § 71.004(1) of the Texas Family Code as:

> (1) an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself; . . . .

Appellant argues that the finding of "family violence" by the court in Dallas County is "evidence of the intentional use of abusive force" and "credible evidence ... of a history or pattern" of physical abuse within the meaning of §§ 153.004(a) and (b) of

---

1. New § 153.004(f), which is effective for orders rendered on or after September 1, 2003, provides that "[i]n determining under this section whether there is credible evidence of a history or pattern of past or present child neglect or physical or sexual abuse by a parent directed against the other parent, a spouse, or a child, the court shall consider whether a protective order was rendered under Chapter 85, Title 4, against the parent during the two-year period preceding the filing of the suit or during the pendency of the suit." Because the orders in this case were rendered before September 1, 2003, this new section is inapplicable.

the Texas Family Code. She claims that the Dallas County protective order finding of "family violence" tips the evidence in her favor, mandating reversal of the Van Zandt trial court's judgment.

Appellant cited the Dallas County Court's finding of family violence as a material and significant change in circumstances in her "Motion for Additional Temporary Orders," which she filed with the court in Van Zandt County, but no copy of the actual protective order was attached to the motion and the motion was never heard. There is no other indication in the record that the finding of family violence by the court in Dallas County was ever brought to the attention of the trial court in Van Zandt County. Although appellee admitted during the trial of his divorce that a protective order had been entered against him, appellant did not offer into evidence this Dallas County order which contained the finding of "family violence." In fact, this order was not offered to the trial court in Van Zandt County until the motion for new trial, after the evidence was closed.

There were two hearings before the court in Van Zandt County. The first hearing occurred February 14, 2002, (before the Dallas County Court had made its finding that family violence had occurred), and was held for the purpose of setting temporary orders regarding possession and support. The second hearing was the trial on the merits on July 2, 2002. Appellant testified to appellee's commission of acts of family violence both at the hearing on the temporary orders and at the bench trial on the divorce.

■ Appellant testified that the night they separated appellee pushed her against a wall and choked her around the neck in an effort to get her to release their child. He then physically forced her across the street to his parents' house, where he and his father pulled her arms apart in order to get the couple's child away from her. However, the record reflects that appellant's version of the acrimonious separation, which she labels as a history or pattern of family violence, was disputed. Appellee admitted that he put his hands on appellant's shoulders, but testified he did so only to protect himself from her abuse. Appellee testified that appellant was "out of control" and was screaming at him and his parents and bumping up against his father. Appellee's mother called the police, who arrived and talked to the parties, but no charges were filed. Where, as here, the parties testified to different versions of the same encounter, we recognize that the trial court is the sole judge of the weight and credibility of the evidence. *Coleman v. Coleman,* 109 S.W.3d 108, 111 (Tex.App.-Austin 2003, no pet.). Additionally, the record before us reflects no findings of fact and conclusions of law.

■ Where a record contains no findings of fact and conclusions of law, all necessary findings of fact to support the court's judgment are implied. *See In re A.D.H,* 979 S.W.2d 445, 448 (Tex.App.-Beaumont 1998, no pet.). In a nonjury trial "every reasonable inference and intendment supported by the record will be drawn in favor of the trial court's judgment." *Black v. Dallas County Child Welfare Unit,* 835 S.W.2d 626, 630 (Tex.1992)(citing *Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d 274, 276 (Tex.1979)).

■ The trial court is given wide latitude in determining custody issues. *Pena v. Pena,* 8 S.W.3d 639 (Tex.1999)(citing *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982)).

While the trial court is given wide latitude in determining custody issues,

the Texas Family Code places certain restrictions on the trial court's discretion when there are allegations of abuse. Section 153.004 of the Texas Family Code provides that the trial court is to consider evidence of the intentional use of abusive physical force by a party against the party's spouse, and further provides that the trial court may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present physical abuse by one parent directed against the other parent.

*Danklefs v. Danklefs*, No. 04–01–00849–CV, slip op. at 2, 2003 WL 21796380 (Tex. App.-San Antonio, Aug. 6, 2003, no pet. h.). There is nothing in the record to show that the court did not consider appellant's testimony when it named appellee joint managing conservator. In this case, since the evidence was conflicting, nothing in the record undisputedly shows a history or pattern of violence. *See id.* Also, since the Dallas County protective order was not before the Van Zandt County trial court, we need not assess the impact of the Dallas County Court's finding of "family violence" in the protective order as it relates to the operation of the pivotal family code sections 153.004(a) and(b). Accordingly, it is implicit in the trial court's judgment that it found that there was no "credible evidence . . . of a history or pattern" of physical abuse.

 We will not disturb the trial court's judgment on appeal unless there has been a clear abuse of discretion. *Coleman*, 109 S.W.3d at 111. A court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). A trial court does not abuse its discretion when it makes a decision on conflicting evidence. *See Kirkpatrick v. Memorial Hosp. of*

*Garland*, 862 S.W.2d 762, 776 (Tex.App.-Dallas 1993, writ denied). Based on the conflicting testimony and the implicit findings of the trial court, we conclude that the trial court did not abuse its discretion in appointing appellee joint managing conservator with the exclusive right to establish the primary residence of the minor child. Appellant's issues one, two, and three are resolved against her.

In appellant's issues four and five she argues that the trial court should have named her sole managing conservator with the exclusive right to establish the primary residence of the child in light of the evidence of family violence and the entry of a protective order by the court in Dallas County. As we noted above, the trial court did not have the benefit of any of the pleadings or final order from the Dallas County proceedings, but it did hear testimony on appellant's allegations of family violence. Because we have concluded the trial court did not abuse its discretion in appointing appellee joint managing conservator with the exclusive right to establish the primary residence of the minor child, we also conclude the trial court did not abuse its discretion by not naming appellant sole managing conservator with the exclusive right to establish the primary residence of the minor child. We resolve appellant's issues four and five against her.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

 In her sixth issue, appellant claims the trial court erred by failing to make any fact findings even though the appellant filed a Request For Findings of Fact and Conclusions of Law. Appellant argues that § 153.004(d)(1) of the Texas Family Code requires the court to make findings of fact because it provides:

The court may not allow a parent to have access to a child for whom it is shown by a *preponderance of the evi-*

*dence that there is a history or pattern of committing family violence* during the two years preceding the date of the filing of the suit or during the pendency of the suit, unless the court:

(1) *finds* that awarding the parent access to the child would not endanger the child's physical health or emotional welfare and would be in the best interest of the child; . . . (emphasis added).

Appellee argues that the appellant has waived any complaint regarding the court's failure to make findings of fact because appellant failed to comply with the requirements of the Texas Rules of Civil Procedure.

It is undisputed that appellant filed a timely request for Findings of Fact and Conclusions of law as required by Rule 296 Tex.R. Civ. P. However, it is also undisputed that when the trial court failed to timely make Findings of Fact and Conclusions of Law, appellant did not file a "Notice of Past Due Findings of Fact and Conclusions of Law" as required by Rule 297 Tex.R. Civ. P. Because appellant failed to file any "Notice of Past Due Findings of Fact and Conclusions of Law," she has waived any right to complain on appeal of any error related to the court's failure to make a finding or conclusion. *Salinas v. Beaudrie*, 960 S.W.2d 314, 317 (Tex.App.-Corpus Christi 1997, no pet.).

Nevertheless, appellant argues that the entry of findings of fact and conclusions of law was mandatory regardless of whether they were requested because of the language of § 153.004(d)(1) which prohibits access to a child "unless" the court "finds" such award would not endanger the child, where there was evidence of a history of family violence. Appellant's position assumes the court agreed with her that "a preponderance" of the evidence supported the finding of a "history or pattern of committing family violence." Obviously,

the court did not agree with appellant's position. We resolve appellant's sixth issue against her.

CHILD SUPPORT

In her seventh issue, appellant argues that the trial court erred in ordering her to pay appellee child support in light of the evidence of family violence. Section 154.001 of the Texas Family Code provides that the court may order either or both parents to support a child. The setting of child support by a trial court should only be set aside on a finding of clear abuse of discretion. *In re Striegler*, 915 S.W.2d 629, 637 (Tex.App.-Amarillo 1996, writ denied). Appellant's argument that the trial court abused its discretion in ordering her to pay child support is based on her argument that the trial court erred in failing to name her sole managing conservator with the exclusive right to establish the residence of their child. Because we have concluded the trial court did not err in naming appellee sole managing conservator with the exclusive right to determine the residence of the minor child, we conclude the trial court did not abuse its discretion in ordering appellant to pay appellee child support. Appellant's seventh issue is decided adversely to her.

Having resolved all of appellant's issues adversely to her, we affirm the trial court's judgment.