## Fourth Court of Appeals
### San Antonio, Texas


## MEMORANDUM OPINION

No. 04-14-00015-CV

**IN THE INTEREST OF B.L.J.P.**, a Child

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 12-05-28687-CV
The Honorable Camile G. Dubose, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:       Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  October 8, 2014

AFFIRMED

This is an appeal from the trial court's denial of a request to modify the order of conservatorship between Veronica G. and Bryan P. Veronica is the parent with the exclusive right to designate the child's primary residence, subject to a geographic restriction. In a single issue on appeal, Veronica asserts the trial court abused its discretion by denying her request to remove the geographic restriction based on a finding of no material and substantial change in circumstances. We affirm.

### BACKGROUND

On March 4, 2013, Veronica and Bryan entered into a mediated divorce settlement agreement. The agreement named Veronica and Bryan joint managing conservators of the child and granted Veronica the exclusive right to designate the child's primary residence, subject to a

geographic restriction. The agreement also stated that each party reserved the right to seek modification of the order to remove the geographic restriction at any time after its entry. On April 5, 2013, Veronica and Bryan signed the final decree of divorce which incorporated the terms of the agreement. The decree further provided that each party understood they must still meet the applicable legal standard for modification of the order in order to remove the geographic restriction.

On June 28, 2013, Veronica filed a petition to modify the parent-child relationship seeking to remove the geographic restriction. Veronica asserted modification was in the child's best interest and a material and substantial change in circumstances had occurred. After holding two hearings on Veronica's petition to modify the order, the trial court ruled there had not been a material and substantial change in circumstances. The trial court made the following findings of fact and conclusions of law:

- [Veronica] and her current husband, David G., met in December 2012, and began dating in January 2013.

- [Veronica] found out she was pregnant with her third child . . . on February 4th or 5th 2013.

- David is the biological father of [Veronica's third child].

- [Veronica] consented to marry David three weeks after finding out she was pregnant with [her third child].

- [Veronica] and [David] were aware in January 2013 that [David] would be stationed at one of four [air force bases], all of which [are] located outside the state of Texas.

- At the time of the entry of the mediated settlement agreement as well as the divorce decree, [Veronica] was expecting a third child with [David], was aware of the fact that [David] would be stationed outside of the state of Texas, and was engaged to marry [David].

The trial court concluded the conditions were "virtually the same" as the conditions that existed at the time the agreement was signed and denied Veronica's request to modify the order. The trial court did not rule on whether modification would be in the child's best interest.

**STANDARD OF REVIEW**

We review a trial court's decision to modify the terms and conditions of conservatorship under an abuse of discretion standard. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *In re P.M.G.*, 405 S.W.3d 406, 410 (Tex. App.—Texarkana 2013, no pet.). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000); *In re P.M.G.*, 405 S.W.3d at 410. A trial court does not abuse its discretion when it makes a decision on conflicting evidence. *Burns v. Burns*, 116 S.W.3d 916, 921 (Tex. App.—Dallas 2003, no pet.). An abuse of discretion does not occur as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Echols v. Olivarez*, 85 S.W.3d 475, 477 (Tex. App.—Austin 2002, no pet.).

**MODIFICATION OF CONSERVATORSHIP**

A trial court may modify the terms and conditions of conservatorship only if the modification is in the child's best interest, and the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of (1) the rendition of the order; or (2) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based. TEX. FAM. CODE ANN. § 156.101(a)(1) (West 2014). The party seeking modification has the burden to establish these elements by a preponderance of the evidence. *Zeifman v. Michels*, 212 S.W.3d 582, 589 (Tex. App.—Austin 2006, pet. denied). To prove a material and substantial change of circumstances has occurred, a movant must show the conditions as they existed at the time the agreement was signed. *See In re*

*T.W.E.*, 217 S.W.3d 557, 559 (Tex. App.—San Antonio 2006, no pet.). Once such conditions have been established, the movant must show what material and substantial changes have occurred in the intervening period. *See Zeifman*, 212 S.W.3d at 594 n.1 ("[T]he record must contain both historical and current evidence of the relevant circumstances. Without both sets of data, the court has nothing to compare and cannot determine whether a change has occurred.").

On appeal, Veronica asserts the trial court abused its discretion in finding no material and substantial change in circumstances because, since signing the agreement, she has (1) remarried, (2) given birth to another child, and (3) her new husband, David, received military orders stationing him out of state. Veronica and Bryan both agree March 4, 2013, is the date the agreement was signed and the date by which a material and substantial change in circumstances should be evaluated. Although Veronica knew she was pregnant and that David would be stationed outside of Texas as of March 4, Veronica argues the trial court's ruling was based on the erroneous belief that she was already engaged to David when she signed the agreement. She contends David's testimony clearly establishes that she was not yet engaged on March 4, and therefore, her engagement after the signing of the agreement constitutes a material and substantial change in circumstances.

The trial court held two hearings on Veronica's petition to modify the parent-child relationship. During the first hearing, Veronica testified she and David began dating in December 2012. Veronica confirmed that when she met David, she was aware David was a pilot in the United States Air Force and was temporarily stationed in San Antonio for training. Veronica said she was aware that upon completion of his training, David would be stationed at one of four air force bases out of state. Veronica also testified she found out she was pregnant on February 4 or 5, 2013. Veronica did not provide the specific date she became engaged, but said David proposed to her three weeks after she became aware of her pregnancy.

During the second hearing, David confirmed the majority of Veronica's testimony. David testified he began dating Veronica in December 2012, and that Veronica knew he would be stationed out of state upon completion of his training. David's testimony conflicted with Veronica's only with respect to the date on which he and Veronica became engaged. David said he proposed to Veronica on March 13, 2013—nine days after Veronica signed the agreement.

In its findings of fact and conclusions of law, the trial court found that Veronica was aware David would be stationed out of state at the time she signed the agreement. The testimony provided by both Veronica and David supports this finding. The trial court also found that Veronica was aware of her pregnancy on February 4 or 5, 2013—approximately one month before Veronica signed the agreement. Veronica's testimony supports the trial court's finding that Veronica was aware that she was pregnant at the time she signed the agreement.

Finally, the trial court found that Veronica was engaged to David at the time she signed the agreement. Veronica argues there is no evidence to support the trial court's finding that she was engaged at the time she signed the agreement. Although Veronica did not provide a date on which she became engaged, Veronica testified she agreed to marry David three weeks after she became aware of her pregnancy—approximately one week before she signed the agreement. Thus, Veronica's testimony supports the trial court's finding that she was engaged to David at the time she signed the agreement. Although David testified that he and Veronica became engaged after Veronica signed the agreement, a trial court does not abuse its discretion when it makes a decision based on conflicting evidence. *See Burns*, 116 S.W.3d at 921.

Accordingly, based on the record before us, we cannot conclude the trial court abused its discretion in finding no material and substantial change in circumstances. Therefore, we affirm the trial court's judgment.

Sandee Bryan Marion, Justice