

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00287-CV

ANGEL WORLDS                                                    APPELLANT

V.

RANDY REYNOLDS / TRIPLE R                                       APPELLEE
AUTO SALES

----------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 2014-000787-1-3

----------

## MEMORANDUM OPINION[1]

----------

Appellant Angel Worlds, appearing pro se, appeals from the trial court's final, take-nothing judgment entered in favor of appellee Randy Reynolds/Triple R Auto Sales (Reynolds). In three issues, Worlds attacks the trial court's failure to enter findings and conclusions, the trial court's exclusion of evidence, and the take-nothing judgment in favor of Reynolds. We affirm the trial court's judgment.

---
[1]See Tex. R. App. P. 47.4.

# I. BACKGROUND

Worlds filed a small-claims petition in a justice court, alleging that Reynolds had sold her a car without properly disclosing that it had been salvaged. *See* Tex. R. Civ. P. 500.3(a), 502.2. She pleaded for a "full refund" of $5,763.71 plus court costs.[2] The justice court found in favor of Worlds, ordering Reynolds to pay Worlds $3,763.71 plus costs and interest. *See* Tex. R. Civ. P. 505.1(b). Reynolds appealed the judgment to the county court at law (the trial court) for a trial de novo. *See* Tex. R. Civ. P. 506.3.

On July 25, 2014, the trial court conducted a bench trial and announced a take-nothing judgment in favor of Reynolds at its conclusion. On July 30, 2014, Worlds filed a request for findings of fact and conclusions of law and a motion for new trial.[3] *See* Tex. R. Civ. P. 296, 320. On August 5, 2014, the trial court signed a final judgment in favor of Reynolds; thus, Worlds's motion for new trial and request for findings and conclusions were considered timely filed on the day of, but immediately after, the signing of the judgment. *See* Tex. R. Civ. P. 306c. On August 26, 2014, the trial court denied Worlds's motion for new trial. That same day Worlds filed a letter with the trial court stating that she was enclosing a notice of past-due findings of fact and conclusions of law; however, the record

---

[2]This amount appears to be a scrivener's error because it was undisputed that Worlds paid $3,763.71 for the car.

[3]Between July 30 and August 25, 2014, Worlds filed an amended motion for new trial and a second amended motion for new trial, which essentially argued the same points raised in the original motion.

2

does not include any enclosure with the letter. *See* Tex. R. Civ. P. 297. The letter did not include "the date the original request was filed and the date the findings and conclusions were due" and did not indicate that it was served on Reynolds. *Id.* The trial court did not enter any findings or conclusions. Worlds now appeals the trial court's judgment.

## II. FINDINGS AND CONCLUSIONS

Worlds asserts in her first issue that she was harmed by the trial court's failure to file findings and conclusions, even though timely requested, forcing her to "guess what the trial court[']s findings were and argue every single aspect of [Worlds's] trial court case." In a county-court case heard without a jury, any party may request that the court state in writing its findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296. If the trial court fails to timely file its findings and conclusions after a request, the requesting party must file with the clerk and serve on all other parties a notice of past-due findings and conclusions. *See* Tex. R. Civ. P. 297. If the requesting party fails to file a notice of past-due findings, the party waives the trial court's error on appeal. *See Burns v. Burns*, 116 S.W.3d 916, 922 (Tex. App.—Dallas 2003, no pet.). Although Worlds timely requested the trial court to enter findings and conclusions, she failed to file and serve on Reynolds a notice of past-due findings. The entirety of Worlds's cover letter stated only that "[t]he following documents for the court are enclosed Notice of Past Due Findings of Fact and Conclusions of Law." Worlds did not include an indication that she had served the letter on Reynolds, the date she had originally

3

requested findings and conclusions, or the date the findings and conclusions were due. Tex. R. Civ. P. 297. Although the letter shows Worlds intended to file a notice of past-due findings, we cannot construe the letter on its own to be a notice of past-due findings such that the trial court clerk understood it to be a notice of past-due findings that should "be immediately called to the attention of the court." *Id.*; *see Walters v. TDCJ*, No. 10-11-00366-CV, 2012 WL 5295161, at *3 (Tex. App.—Waco Oct. 25, 2012, no pet.) (mem. op.). We conclude Worlds has waived any error related to the trial court's failure to file findings and conclusions and overrule her first issue.

## III. PROPRIETY OF JUDGMENT

### A. EXCLUSION OF EVIDENCE

In her third issue, Worlds complains that the trial court abused its discretion by failing to admit into evidence "the official disciplinary findings of the State[']s investigation that was brought about as a result of the complaint of willful defrauding . . . by failing to disclose that the vehicle was damaged, reconditioned, or salvaged." The trial court excluded this evidence as inadmissible hearsay. Worlds did not object to the trial court's ruling, submit an offer of proof, or file a bill of exception; therefore, she has failed to preserve any claim of error from the exclusion of this evidence.[4] Tex. R. Evid. 103(a); Tex. R. App. P. 33.2. We overrule issue three.

---

[4]Worlds filed a motion requesting that the originals of this excluded evidence be certified and filed with this court. *See* Tex. R. App. P. 34.5(f).

4

## B. TAKE-NOTHING JUDGMENT

In her second issue, Worlds argues that the trial court erred by concluding that she did not plead for rescission even though she pleaded for a "full refund" and sought to "void the contract." In a trial to the court in which no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766–67 (Tex. 2011); *Wood v. Tex. Dep't of Pub. Safety*, 331 S.W.3d 78, 79 (Tex. App.—Fort Worth 2010, no pet.). When a reporter's record is filed, as occurred in this appeal, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003); *Liberty Mut. Ins. Co. v. Burk*, 295 S.W.3d 771, 777 (Tex. App.—Fort Worth 2009, no pet.). The judgment must be affirmed if it can be upheld on any legal theory that finds support in the record. *Rosemond*, 331 S.W.3d at 767; *Liberty Mut.*, 295 S.W.3d at 777.

Worlds is correct that her request for a refund and factual allegations of material misrepresentations by Reynolds arguably were sufficient to plead for the remedy of rescission. *See Hannon, Inc. v. Scott*, No. 02-10-00012-CV, 2011 WL 1833106, at *10 (Tex. App.—Fort Worth May 12, 2011, pet. denied) (mem. op.); *Omega Energy Corp. v. Gulf States Petroleum Corp.*, No. 13-03-275-CV,

Because the evidence was not admitted and because Worlds failed to preserve any error in its exclusion, we deny Worlds's motion.

5

2005 WL 977573, at *3 (Tex. App.—Corpus Christi Apr. 28, 2005, pet. denied) (mem. op.). But the trial court's take-nothing judgment in Reynolds's favor may be upheld on another basis.

The buyer's guide, the bill of sale, and the buyer's tag receipt for the car Worlds bought from Reynolds showed that it had a "reconditioned title,"[5] was sold "as is" with no warranty, and was "rebuilt salvage." Although Worlds testified that the "paperwork" did not "indicate anything with regard to the vehicle's condition" and that her copy was altered to include the reconditioned notation, the car's buyer's guide, which Worlds introduced into evidence, clearly showed that the title was reconditioned.[6] Additionally, Reynolds testified that when Worlds decided to buy the car, Reynolds's employee rewrote some information on Worlds's carbon copy of the buyer's guide because the sun had faded certain portions of the form and some of the original writing did not go through to the carbon copy. Both Reynolds's copy (the top page of the carbon form) and Worlds's copy (the second page of the carbon form) of the buyer's guide clearly showed that the car had a reconditioned title. Reynolds testified that he did not

---

[5]Such a title is issued by the Texas Department of Transportation after a salvaged vehicle has been repaired and the owner accounts for all parts that were used in the repairs. *See* Tex. Transp. Code Ann. § 501.100 (West Supp. 2014).

[6]Worlds filed a motion in this court asking that the originals of the bill of sale, the buyer's guide, and the tag receipt be filed in this court "for visual of alterations of the agreement." *See* Tex. R. App. P. 34.5(f). But Worlds did not dispute in the trial court that her copies of these documents contained the reconditioned-title notation. We deny Worlds's motion.

6

alter the substance of the document. Further, there was no evidence that the buyer's guide, bill of sale, and tag receipt given to Worlds failed to notify her that the car was salvaged or reconditioned and sold without a warranty. Worlds testified that her copy of the buyer's guide noted that the title was reconditioned. The trial court had sufficient evidence upon which to conclude that Reynolds did not alter the buyer's guide and disclosed to Worlds that the car had a reconditioned title or was salvaged, which vitiates Worlds's claim that the contract was void based on Reynolds's alleged nondisclosure. *See Athey v. Mortg. Elec. Registration Sys., Inc.*, 314 SW.3d 161, 163–65 (Tex. App.—Eastland 2010, pet. denied); *Wuertz v. Nationwide Life Ins. Co.*, No. 01-07-00272-CV, 2009 WL 1331860, at \*4–6 (Tex. App.—Houston [1st Dist.] May 14, 2009, no pet.) (mem. op.). We overrule issue two.

## IV. CONCLUSION

Having overruled Worlds's three issues, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED: August 6, 2015

7