

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00809-CV

Andrew **GOSS**,
Appellant

v.

Shakia **GOSS**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-02273
Honorable Larry Noll, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  January 10, 2018

AFFIRMED

Andrew Goss appeals from the trial court's judgment granting his petition for divorce. Although represented by counsel at trial, Andrew appears pro se in this appeal. In three issues, Andrew argues the trial court abused its discretion by (1) placing time limits on the presentation of evidence at trial; (2) appointing him and his former wife, Shakia Goss, joint managing conservators of their children; and (3) miscalculating the amount of money Shakia owed him for child-care expenses. We overrule all three issues and affirm the trial court's judgment.

BACKGROUND

Andrew and Shakia were married in 1999. The couple had eight children. On February 10, 2015, after more than fifteen years of marriage, Andrew filed a petition for divorce. In response, Shakia filed an answer.

The case was tried to the court. At trial, the primary contested issue was conservatorship of Andrew and Shakia's eight children. Three witnesses testified: Andrew, Shakia, and the counselor who had prepared the social study. In closing arguments, Andrew argued that credible evidence had been presented showing that Shakia had a history or pattern of past or present physical abuse against him, and therefore, the trial court was precluded from appointing him and Shakia joint managing conservators. Andrew further argued that the trial court should appoint him sole managing conservator. Alternatively, Andrew argued that the trial court should appoint him the joint managing conservator with the exclusive right to determine the children's primary residence.

On the other hand, Shakia argued that the trial court was not precluded from appointing her and Andrew joint managing conservators. Shakia further argued that the trial court should appoint her the joint managing conservator with the exclusive right to determine the children's primary residence.

After considering the evidence and the arguments presented, the trial court granted the divorce and appointed Andrew and Shakia joint managing conservators. The trial court found that "no credible evidence [] exists that would cause the Court to do otherwise." The trial court appointed Andrew the joint managing conservator with the right to designate the primary residence of the oldest child, and Shakia the joint managing conservator with the right to designate the primary residence of the other seven children. The trial court restricted the residence of the children to Bexar County, Texas. Additionally, the trial court ordered an extended standard possession order. The trial court also ordered Andrew to pay child support. Because it concluded that Shakia

owed Andrew $200.00 for child-care expenses, the trial court applied a $200.00 credit to Andrew's first child support payment. Andrew appealed.

## TIME LIMIT AT TRIAL

In his first issue, Andrew argues the trial court abused its discretion by placing unreasonable time limits on the presentation of evidence at trial. Andrew asserts that he was only able to offer ten percent of his evidence, and that he was denied "his fundamental due process right of being heard."

Every trial court has the inherent power to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. *State v. Gaylor Inv. Trust P'shp*, 322 S.W.3d 814, 819 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The trial court's inherent power along with the applicable rules of procedure and evidence give it broad, but not unfettered, discretion in handling trials. *In the Interest of Z.C.J.*, No. 04-12-00010-CV, 2012 WL 3597209, at *3 (Tex. App.—San Antonio 2012, pet. denied). Under Rule 611 of the Texas Rules of Evidence, the trial court should exercise reasonable control over the examination of witnesses and the presentation of evidence to avoid wasting time. TEX. R. EVID. 611(a)(2).

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). In addition, error may not be predicated on a ruling excluding evidence unless the party informs the trial court of the substance of the evidence by an offer of proof. TEX. R. EVID. 103(a)(2). When a trial court limits the amount of time a party has to present its case, and thereby prevents a party from presenting all of its evidence, the party must object to the time limit and make an offer of proof of the evidence it was prevented from presenting to preserve error on appeal. *In re Ludington*, No. 01-16-00411-CV, 2017 WL 219162, at *4 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding); *In the Interest of A.E.A.*, 406 S.W.3d 404, 420 (Tex. App.—Fort Worth 2013, no pet.).

Here, the record shows that at the beginning of the trial, the trial court stated: "I have told the lawyers *in keeping with the time announcement that was made yesterday* that I'm allotting you 30 minutes each to put on your case." (emphasis added). Thus, the record shows that the time limits placed on the presentation of evidence were based on the parties' representations to the trial court about the amount of time they needed to try the case. Furthermore, the record does not show that Andrew used all of the time allocated to him to put on his case. Andrew testified on his own behalf at trial. When Andrew finished his testimony, the trial court gave Andrew an opportunity to call another witness. Andrew did not call another witness, but simply rested his case.

The record before us shows that Andrew did not object to the time allocated to him to present evidence at trial, and he did not make an offer of proof. Therefore, Andrew did not preserve this complaint for appellate review. Andrew's first issue is overruled. *See A.E.A.*, 406 S.W.3d at 420 (overruling appellant's due process complaint related to time limits placed on the presentation of his case when the complaint was not preserved for appellate review).

### JOINT MANAGING CONSERVATORS

In his second issue, Andrew argues the trial court abused its discretion by finding no credible evidence of a history or pattern of past or present physical abuse by Shakia against him. Andrew essentially argues that, in light of the evidence presented at trial, the trial court was precluded from appointing joint managing conservators and was required to appoint him sole managing conservator.

The primary consideration in determining managing conservatorship is the best interest of the child. TEX. FAM. CODE ANN. § 153.002 (West 2014); *Roberts v. Roberts*, 402 S.W.3d 833, 841 (Tex. App.—San Antonio 2013, no pet.). Because the trial court is in the best position to observe the demeanor and personalities of the witnesses, and can feel forces, powers, and influences that cannot be discerned by merely reading the record, the trial court has broad discretion in determining what is in the child's best interest. *Roberts*, 402 S.W.3d at 841. We reverse the trial

court's determination only when it appears from the record as a whole that the trial court has abused its discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *Roberts*, 402 S.W.3d at 841. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but whether the trial court acted without reference to any guiding rules and principles. *Palaez v. Juarez*, No. 04-14-00022-CV, 2014 WL 7183483, at *3 (Tex. App.—San Antonio 2014, pet. denied). The fact that a trial court may decide a matter in its discretionary authority in a different manner than an appellate court under a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id*. In family law cases, legal and factual sufficiency of the evidence are not independent grounds of error; rather, they constitute factors relevant to an assessment of whether the trial court abused its discretion. *Id*.

Under the Texas family code, the trial court is required to presume the appointment of both parents as joint managing conservators is in the child's best interest until evidence is presented to rebut this presumption. TEX. FAM. CODE ANN. § 153.131(b) (West 2014). This presumption is "remove[d]" when the trial court makes "[a] finding of a history of family violence involving the parents of a child." *Id*. "The [trial] court may not appoint joint managing conservators if credible evidence is presented of a history or pattern of past or present . . . physical . . . abuse by one parent directed against the other parent…." *Id*. § 153.004 (b) (West Supp. 2017).

Andrew argues "[t]he [t]rial [c]ourt's decision to ignore all of the police and court records" he presented at trial, "aside from being prejudicially based upon stereotypical gender roles, was completely arbitrar[y], unreasonable, without regard to guiding principles, or without supporting evidence." To support his argument that the trial court abused its discretion by finding no credible evidence of a history or pattern of physical abuse, Andrew points to several exhibits that were admitted at trial. These exhibits consist of (1) an offense report prepared by a Bexar County sheriff's deputy dated March 10, 2015; (2) a judgment of conviction by a Michigan court dated

October 6, 2009; (3) a case report dated July 5, 2009; and (4) an "incident/prosecution" report prepared by a police officer in Waterford, Michigan, dated May 20, 2000.

The first exhibit, the March 10, 2015 offense report, states that police were dispatched to a residence where they found Andrew. Andrew told the officer that Shakia had punched him in the stomach and had choked him. The report states that Andrew had "visible injuries on the side of his neck" and "redness on left side neck/fingernail/prints," and that Shakia "admit[ted] to hitting him." The second and third exhibits, the judgment of conviction and the case report, indicate that Shakia pled "no contest" to a charge of felony assault on October 6, 2009, and was placed on probation. The fourth exhibit, an incident report, states that an officer was dispatched to a residence on May 20, 2000, where he found Shakia outside with her mother-in-law while her mother-in-law was gardening. According to the report, Shakia told the officer that she had hit a window with her hand after having a verbal fight with Andrew.

"In determining whether to appoint a party as a sole or joint managing conservator, the [trial] court shall consider evidence of the intentional use of abusive physical force . . . by a party directed against the party's spouse . . . committed within a two-year period preceding the filing of the suit or during the pendency of the suit." *Id*. § 153.004(a). Based on section 153.004(a), the trial court was not required to consider the evidence of incidents that transpired in 2009 and 2000 because they were too remote. *See id*.; *Stallworth v. Stallworth*, 201 S.W.3d 338, 347-48 (Tex. App.—Dallas 2006, no pet.) (recognizing that the trial court was free to disregard a protective order issued more than two years prior to the filing of the divorce petition). The only evidence the trial court was required to consider in determining whether to appoint a sole managing conservator or joint managing conservators was the 2015 incident, which occurred about a month after Andrew filed the divorce petition. *See* TEX. FAM. CODE ANN. § 153.004(a); *Stallworth*, 201 S.W.3d at 347-48.

The facts and circumstances of the 2015 incident were disputed. The offense report stated that Shakia had punched Andrew in the stomach and had choked him. Apart from reiterating the statements in the offense report, Andrew did not testify about the circumstances of the 2015 incident. Shakia testified that the 2015 incident occurred after Andrew picked her up from work and they had a minor argument. According to Shakia, Andrew "got[] in [her] face a couple of times" and she pushed him away. Shakia claimed that Andrew had been scratched because her nails were very sharp. Shakia acknowledged that she had been charged in connection with the 2015 incident and that she was on probation for the charge.

As the factfinder, the trial court was entitled to believe Shakia's account of the 2015 incident, which suggested that the use of force and the resulting injuries were not intentional. When parties present different versions of an encounter, the trial court is the sole judge of the weight and credibility of the evidence. *Burns v. Burns*, 116 S.W.3d 916, 920 (Tex. App.—Dallas 2003, no pet.). Additionally, although a single incident of physical violence may constitute a history of physical abuse, a trial court is not required to find that a single incident constitutes a history of physical abuse. *See Alexander v. Rogers*, 247 S.W.3d 757, 762-63 (Tex. App.—Dallas 2008, no pet.) (recognizing that a single incident of physical abuse could support a finding of a history of physical abuse, but also that the factfinder could consider the explanation for the conduct in determining the weight to be given to the evidence). Finally, the counselor who prepared the social study testified that "it did not appear that either [Andrew or Shakia] had a long-term significant pattern of domestic abuse against the other." The trial court was entitled to give credence to this testimony.

Based on the evidence presented, we cannot say that the trial court acted without reference to any guiding rules or principles by finding no credible evidence of a history or pattern of physical abuse in this case. *See Burns*, 116 S.W.3d at 921 (holding the trial court did not abuse its discretion in appointing father as the joint managing conservator with the exclusive right to establish the

primary residence of the child when the evidence concerning physical abuse was conflicting and nothing in the record undisputedly showed a history or pattern of violence). Andrew's second issue is overruled.

### CHILD-CARE EXPENSES

In his third issue, Andrew argues the trial court miscalculated the amount Shakia owes him for child-care expenses. An appellant's brief is required to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities…." TEX. R. APP. P. 38.1(i). Andrew does not cite any cases or other authority in this section of his brief, and therefore, this issue is inadequately briefed and presents nothing for our review. *See id.*; *In the Estate of Blankenship*, 392 S.W.3d 249, 259 (Tex. App.—San Antonio 2012, no pet.) (holding an issue was inadequately briefed and presented nothing for review when appellant's brief cited no cases or other authority to support her argument). Andrew's third issue is overruled.

### CONCLUSION

The trial court's judgment is affirmed.

Karen Angelini, Justice