**Phyllis C. STALLWORTH, Appellant,**

**v.**

**Maurice STALLWORTH, Appellee.**

**No. 05–04–01730–CV.**

Court of Appeals of Texas, Dallas.

Aug. 29, 2006.

---

Phyllis Stallworth, Orlando, FL, pro se.

Tammy Daniels Low, Dallas, for Appellee.

Before Justices WRIGHT, MOSELEY, and LANG.

## OPINION

Opinion by Justice MOSELEY.

Phyllis Stallworth (Wife) appeals from a final decree of divorce from Maurice Stallworth (Husband). In seven issues, Wife challenges: (1) the trial court's conclusion regarding (a) personal and subject matter jurisdiction and (b) Husband's residency requirements pursuant to the family code; (2) the trial court's denial of a trial by jury as to custody and lack of notice of the trial; and (3) the trial court's findings regarding mediation, custody, and the division of retirement proceeds. For the reasons below, we resolve Wife's issues against her and affirm the final decree of divorce.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Husband and Wife were married in 1980 and moved to Texas in 1983. Their three children, who were thirteen, twelve, and nine years old when the divorce was granted, were born in Texas. In 1996, Husband moved out of the home, but continued to reside in Texas and later moved to Kaufman County. In March of 1999, Wife moved to New York with the three children and later moved again to Florida in August of 2000.

Husband filed a petition for divorce on November 27, 2000. Wife filed a special appearance, a plea to the jurisdiction, and a motion for rehearing as to jurisdiction, all of which the trial court heard and denied. Trial was to the court. The final divorce decree: (1) dissolved the marriage; (2) provided for joint conservatorship of the three children with Wife as the managing conservator; and (3) awarded that portion of the marital estate in each party's possession to that party, including each party's respective retirement funds, benefits, and accounts. The decree recited that a court in the state of New York had entered a prior child support order setting forth Husband's obligation to support the children, and therefore the decree did not include an order concerning child support.

Wife appealed.

## II. PERSONAL JURISDICTION

In January 2001, Wife filed a special appearance contesting the trial court's jurisdiction over her. The special appearance also requested the court to dismiss the action because the trial court lacked subject-matter jurisdiction under sections 152.201 and 152.203 of the family code. Alternatively, if the trial court had subject-matter jurisdiction, Wife asked the trial court to decline to exercise that jurisdiction or stay any custody proceedings in favor of custody proceedings that she would institute in Florida.

In March 2001, Wife filed a motion for rehearing, noting the trial court had denied the special appearance when it issued its temporary orders in February 2001. (The trial court's temporary orders are not in the clerk's record.) The motion requested a rehearing "on the question of jurisdiction...." Wife filed an amended motion for rehearing in May 2003, making the same request. That motion contains a notice that a hearing on the motion was set for July 7, 2003.

On February 24, 2004, the trial court signed an order denying Wife's "plea to the jurisdiction...." The order specifically stated that "this Court has jurisdiction over the parties and the children, the subject of this suit, and has jurisdiction on all issues in controversy." The order did not specify the date on which the court considered the issue.

In her first issue, Wife challenges the trial court's assertion of personal jurisdiction in both the suit for dissolution of the marriage and the suit affecting the parent-child relationship.

### A. Standard of Review and Applicable Law

■■■ A nonresident respondent challenging personal jurisdiction through a special appearance carries the burden of negating all bases of personal jurisdiction. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex.1996). Whether a court has personal jurisdiction is a question of law. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 805–06 (Tex.2002).

■■■ A trial court may exercise jurisdiction over a nonresident defendant when (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional guarantees of due process. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex.1990). In a suit for dissolution of a marriage, a trial court may exercise personal jurisdiction over a non-resident respondent if there is any basis consistent with the Texas and United States constitutions for the exercise of personal jurisdiction. TEX. FAM.CODE ANN. § 6.305(a)(2) (Vernon 2006). Once the court acquires jurisdiction under section 6.305(a), the court also acquires jurisdiction over the respondent in a suit affecting

the parent-child relationship. *Id.* at § 6.305(b). An assertion of personal jurisdiction based on physical presence alone constitutes due process. *Burnham v. Superior Court of Cal., County of Marin,* 495 U.S. 604, 610–19, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990).

When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied. *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002). When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appropriate appellate court. *See id.*

## B. Discussion

No findings of fact or conclusions of law are filed in the record, nor is there any evidence that they were requested. It is undisputed that Wife was served with process while visiting some family in Killeen, Texas.

Although there appears to have been a hearing on Wife's special appearance and on her motion for rehearing, no reporter's record of either hearing is before us. At the hearing on the final decree of divorce, Wife repeatedly adduced—or attempted to adduce—evidence concerning the court's personal jurisdiction over her. Husband objected numerous times, stating that the issue had been determined previously by the court. The court agreed it had done so—twice.

Because Wife was served with process while present in the state, she was not denied due process under the United States Constitution. *See Burnham,* 495 U.S. at 610–19, 110 S.Ct. 2105. Moreover, absent a reporter's record, Wife may not

challenge the trial court's implied findings in support of its ruling on jurisdiction. *See BMC Software Belg., N.V.,* 83 S.W.3d at 795. We therefore resolve Wife's first issue against her.

## III. SUBJECT MATTER JURISDICTION

In her third issue, Wife challenges the trial court's assertion of subject matter jurisdiction to determine custody over the children.

## A. Standard of Review and Applicable Law

Subject matter jurisdiction is essential for a court to have the authority to resolve a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443 (Tex.1993). A party may challenge a court's subject matter jurisdiction by filing a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638–39 (Tex.1999). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). However, if a plea to the jurisdiction challenges the existence of jurisdictional facts—as Wife does here—we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Id.* at 227 (citing *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000)).

Where findings of fact and conclusions of law are neither filed nor requested, it is implied that the trial court made all necessary findings to support its judgment. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992). The legal and factual sufficiency of those findings may be challenged when a reporter's

record is brought forward. *Id.* at 84 (citing *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989) (per curiam)).

## B. Discussion

The clerk's record contains no document entitled "plea to the jurisdiction." However, Wife's special appearance contests not just personal jurisdiction, but also subject matter jurisdiction, as do Wife's original and amended motions for rehearing "as to jurisdiction." Thus, we conclude the trial court's order denying Wife's plea to the jurisdiction is referring to this motion.

 Again, we have no reporter's record of the original hearing on Wife's plea, nor of the motion for rehearing. Absent a reporter's record, Wife may not challenge the trial court's implied findings in support of its ruling on jurisdiction. *See Roberson,* 768 S.W.2d at 281. We resolve Wife's second issue against her.

## IV. RESIDENCY

In her second issue, Wife challenges the sufficiency of the evidence to support the finding that the suit for dissolution of the marriage satisfied the applicable statutory residency requirements.

## A. Standard of Review and Applicable Law

 Section 6.301 of the Texas Family Code states that no suit for divorce shall be maintained unless, at the time the suit is filed, either the petitioner or respondent has been a domiciliary of this state for the preceding six-month period and a resident of the county of suit for the preceding 90–day period. TEX. FAM.CODE ANN. § 6.301 (Vernon 2006). The provisions of the residency statute are not jurisdictional, but rather provide the necessary qualifications for bringing an action for divorce. *Aucutt v. Aucutt,* 122 Tex. 518, 523–24, 62 S.W.2d 77, 79 (1933); *Nowell v.*

*Nowell,* 408 S.W.2d 550, 556 (Tex.Civ.App.-Dallas 1966, writ dism'd). The question of residency is a fact issue for the trial court to determine, and the trial court's findings will not be disturbed unless there is a clear abuse of discretion. *Stacy v. Stacy,* 480 S.W.2d 479, 482 (Tex.Civ.App.-Waco 1972, no writ); *Meyer v. Meyer,* 361 S.W.2d 935, 938 (Tex.Civ.App.-Austin 1962, writ dism'd). There are no limits on the number of residences that a party may maintain at any one time. *McAlister v. McAlister,* 75 S.W.3d 481, 485 (Tex.App.-San Antonio 2002, pet. denied).

## B. Discussion

 Husband testified he had been living in Kaufman County for at least the required 90–day period. In addition, there is evidence Husband had lived in Texas since 1983 and was continuing to live there as of the day that the suit for divorce was filed, November 27, 2000. There is also evidence that Husband maintained a residence in Dallas County at the same time that he maintained a residence in Kaufman County. However, nothing prevents Husband from maintaining a residence in both counties at the same time. *See McAlister,* 75 S.W.3d at 485. Because there is evidence that Husband met the statutory residency requirements in order to maintain a suit for divorce, we conclude the trial court did not abuse its discretion in determining that Husband met the requirements for bringing a divorce action. We resolve Wife's second issue against her.

## V. RIGHT TO JURY TRIAL

In her fourth issue, Wife contends that the trial court erred by denying her request for a jury trial. Husband argues that Wife waived her right to a jury trial. Again, we agree with Husband.

## A. Applicable Law

A party to a suit under the family code has a right to demand a jury trial in proceedings that do not include adoption or the adjudication of parentage. Tex. Fam.Code Ann. § 105.002 (Vernon Supp. 2006). In order to maintain that request, it is required that the party file a written request with the clerk of the court in a reasonable amount of time before the trial date, but not less than thirty days in advance, and a jury fee must also be paid to the clerk of the court within the same time frame. Tex.R. Civ. P. 216; *Huddle v. Huddle,* 696 S.W.2d 895, 895 (Tex.1985). In order to preserve a complaint on appeal, the party must present a timely request, objection, or motion, state the specific grounds for the ruling, and obtain a ruling or object to the refusal to make such a ruling. Tex.R.App. P. 33.1(a).

## B. Discussion

■■■ It appears that the trial date was originally set for July 23, 2004. Wife made her written request for a jury on March 22, 2004, which is almost 120 days before the original trial date. Thus, we conclude that Wife's request for a jury trial was timely. However, nothing in the record indicates that Wife ever paid a jury fee. There is no indication that Wife included a payment for a jury fee along with any of her pleadings or correspondence to the court and the trial court's bill of costs indicates that a jury fee was never paid in this matter. Wife states in her appellate brief that she did submit a jury fee but points to no evidence to support that assertion. Even if we assume Wife properly paid the jury fee, she waived any error by failing to object when the trial court proceeded with a bench trial. *See In re D.R.,* 177 S.W.3d 574, 580 (Tex.App.-Houston [1st Dist.] 2005, pet. denied); *In re K.M.H.,* 181 S.W.3d 1, 16 (Tex.App.-Hous-

ton [14th Dist.] 2005, no pet.). We resolve Wife's fourth issue against her.

## VI. NOTICE OF TRIAL

In Wife's seventh issue, she contends because she did not receive the proper forty-five day notice of trial as required by the Texas Rules of Civil Procedure, the petition before the trial court should be dismissed for failure to provide adequate notice.

## A. Standard of Review and Applicable Law

■■■ Rule 245 of the Texas Rules of Civil Procedure provides that "the court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial...." Tex.R. Civ. P. 245. However, any error resulting from a trial court's failure to provide proper notice under rule 245 is waived if the party proceeds to trial and fails to object to the lack of notice. *In re J.(B.B.)M.,* 955 S.W.2d 405, 407–08 (Tex.App.-San Antonio 1997, no pet.); *State Farm Fire & Cas. Co. v. Price,* 845 S.W.2d 427, 432 (Tex.App.-Amarillo 1992, writ dism'd by agr.).

## B. Discussion

■■■ The trial court initially set trial for July 23, 2004. There is evidence in the record that Wife received notice of this trial date on June 12, 2004, which is less than the required forty-five day notice. The record reflects that Wife requested a continuance, based on several reasons, none of which included a lack of proper notice under rule 245. The trial court granted the continuance and re-set the trial date for September 24, 2004, although nothing in the record reflects when the trial court granted the continuance or when Wife received notice of the new trial

date. Assuming that Wife did not receive proper notice under rule 245 of the new trial date, she has nonetheless failed to preserve this issue for appellate review. *See* TEX.R.APP. P. 33.1. Nothing in the record shows that Wife made an objection to the lack of proper notice. A second continuance was requested by Wife for several reasons, again none of which included a lack of proper notice. The record also reflects that Wife appeared for trial on September 24, 2004, and proceeded to present arguments and examine witnesses. We conclude that Wife waived any error based on a lack of proper notice under rule 245 by failing to object to that lack of notice. *See In re J.(B.B.)M.*, 955 S.W.2d at 407–08; *Price*, 845 S.W.2d at 432. We resolve Wife's seventh issue against her.

## VII. MEDIATION/JOINT CONSERVATORSHIP

In her fifth issue, Wife claims that the trial court should not have ordered mediation between the parties and that she should not have been assessed a penalty for refusing to attend the scheduled mediation. Wife further argues that the trial court erred by awarding joint conservatorship to the parties.

### A. Mediation

Wife urges this Court to find that the sanctions against her for not attending mediation are groundless and that mediation should never have been ordered by the trial court. However, Wife provides no specific arguments or authority for her position. She has therefore waived this argument. TEX.R.APP. P. 38.9; *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex.1994).

### B. Joint Conservatorship

#### 1. Standard of Review and Applicable Law

The trial court is given wide latitude in determining the best interests of a minor child. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982). The trial court's judgment will only be disturbed where the record as a whole shows that the trial court has abused its discretion. *Id.* A district court abuses its discretion only when it has acted in an unreasonable or arbitrary manner, or when it acts without reference to any guiding principle. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). We may not reverse for abuse of discretion merely because we disagree with a decision of the district court. *Id.* at 242.

When determining conservatorship, the trial court shall consider evidence of intentional abuse by a party within a two-year period prior to the commencement of the suit. TEX. FAM.CODE ANN. § 153.004(a) (Vernon Supp.2006). The court may not appoint joint managing conservators if "credible evidence" is presented of a history of child neglect or abuse. *Id.* § 153.004(b). When determining if "credible evidence" has been presented, the court shall consider whether a protective order was issued during the two-year period prior to the commencement of the suit. *Id.* § 153.004(f). There is a rebuttable presumption that the appointment of joint managing conservators is in the best interests of a child. TEX. FAM.CODE ANN. § 153.131(b) (Vernon 2002). That presumption may be removed through a finding of a history of family violence. *Id.* Where parties testify to different versions of the same incident, the trial court is the sole judge of the weight and credibility of the evidence. *Burns v. Burns*, 116 S.W.3d 916, 920 (Tex.App.-Dallas 2003, no pet.).

#### 2. Discussion

There is evidence in the record that a protective order was issued prior to the

commencement of the suit. However, that protective order is dated January 6, 1998, which is more than two years prior to the date of commencement of the suit, November 27, 2000. Therefore, the trial court was free to disregard the protective order, if it felt so compelled. *See* TEX. FAM.CODE ANN. § 153.004(f).

There is testimony from both parties as to an incident that occurred on May 20, 1996. Wife testified at trial that she went to visit Husband at a hotel where he was staying with another woman. She further testified that she got into an altercation with Husband and that he tried to throw her through a window and later dragged her over 200 feet. Husband acknowledged that there was an altercation, but, alternatively, testified that Wife broke the window under her own volition and that he carried her outside so that she could be taken to the hospital to receive medical attention. Husband also testified that he had never committed any family violence against Wife or any of the children.

The facts before us are similar to those that were before this Court in *Burns. See Burns,* 116 S.W.3d at 920. In that case, a husband and wife each testified at their divorce trial that they had entered into an altercation prior to their separation. *Id.* Each party testified to a different account of the altercation with each party placing the blame on the other party. *Id.* This Court recognized that the trial court's discretion in determining custody issues was subject to the provisions of section 153.004 of the Texas Family Code. *Id.* at 920–21. However, this Court also recognized that nothing in the record undisputedly showed a history or pattern of family violence and therefore section 153.004 did not apply. *Id.* at 921. Therefore, the Court held that nothing in the record indicated that the trial court had not considered each party's testimony when it named the parties joint

managing conservators and affirmed the decision of the trial court. *Id.*

Similar to *Burns,* we are faced with conflicting testimony over the same incident. Nothing in the record shows any undisputed evidence of family violence on the part of either party. In addition, nothing indicates that the trial court did not take the testimony into account when making its decision on the issue of child custody. We thus conclude that the trial court did not abuse its discretion in appointing joint managing conservators. We resolve Wife's fifth issue against her.

## VIII. DIVISION OF RETIREMENT PROCEEDS

In her sixth issue, Wife argues that the language of the final divorce decree concerning the division of all retirement proceeds is contrary to what the judge ordered orally during the final divorce trial. Specifically, the final divorce decree states that each party shall keep its own retirement proceeds, whereas the judge orally ordered that the retirement proceeds should be split "50/50" during the divorce trial. She therefore contends that the final divorce decree should be modified to reflect the oral order given by the trial court.

### A. Standard of Review and Applicable Law

Rendition is the act by which the court declares the decision of the law upon the matters at issue. *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 58 (Tex.1970); *Wood v. Griffin & Brand,* 671 S.W.2d 125, 128 (Tex.App.-Corpus Christi 1984, no writ). A judgment is rendered when the decision is officially announced either orally in open court or by written memorandum filed with the clerk. *Samples Exterminators v. Samples,* 640 S.W.2d 873, 875 (Tex.1982); *Bakali v. Ba-*

*kali*, 830 S.W.2d 251, 254 (Tex.App.-Dallas 1992, no writ). Entry of a written judgment is a ministerial act reflecting the court's action. *Bakali*, 830 S.W.2d at 254; *Wood*, 671 S.W.2d at 128.

■ If the written order does not comport with the judgment rendered, the parties are entitled to have the order reformed to accurately reflect the action taken by the trial court. *See* TEX.R. CIV. P. 329b(g). However, until thirty days after the judgment is signed, the trial court has plenary power to vacate, modify, correct, or reform its judgment at any time before it becomes final. TEX.R. CIV. P. 329b(d); *Mesa Agro v. R.C. Dove & Sons*, 584 S.W.2d 506, 508 (Tex.Civ.App.-El Paso 1979, writ ref'd n.r.e.). During this period, the trial court's power to modify its judgment is virtually absolute. *Garza v. Serrato*, 671 S.W.2d 713, 714 (Tex.App.-San Antonio 1984, no writ). Judges' oral announcements are often necessarily tentative and may not cover all the details of a final decree since they know they will review the draft of judgment before signing it. *Kostura v. Kostura*, 469 S.W.2d 196, 198 (Tex.Civ.App.-Dallas 1971, writ ref'd n.r.e.).

■ The role of the court of appeals in reviewing cases where property is divided in a divorce action is to determine only if there is an abuse of discretion. *McKnight v. McKnight*, 543 S.W.2d 863, 866 (Tex.1976); *Allen v. Allen*, 646 S.W.2d 495, 496 (Tex.App.-Houston [1st Dist.] 1982, no writ). This abuse must be clearly demonstrated, or the discretion will not be disturbed on appeal, and it will be presumed that the trial court acted properly. *Allen*, 646 S.W.2d at 496.

**B. Discussion**

■ The record shows that the trial court orally announced its decision on September 24, 2004 in open court. This oral pronouncement is a rendition of the judgment of the court, although no final judgment was signed at that time. As a result, the trial court maintained plenary power over that judgment for a period of thirty days after it was signed to modify it. Because Wife did not file a motion for new trial, she waived any error. Moreover, the difference between the trial court's statement from the bench and its final divorce decree should actually be considered a modification that was well within the plenary power of the trial court at the time. *See Cook v. Cook*, 888 S.W.2d 130, 131–32 (Tex.App.-Corpus Christi 1994, no writ).

We have not been presented with any findings of fact or conclusions of law stating any reasons for the court's modification of the property division. We must therefore presume that the trial court exercised its discretion properly. We resolve Wife's sixth issue against her.

**IX. CONCLUSION**

Having resolved Wife's seven issues against her, we affirm the trial court's final decree of divorce.