**Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion filed May 24, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00090-CV

---

## IN THE MATTER OF THE MARRIAGE OF SHEILA M. WILLIAMS AND JEFF D. WILLIAMS

---

### On Appeal from the 311th District Court
### Harris County, Texas
### Trial Court Cause No. 2013-36599

---

## M E M O R A N D U M   O P I N I O N

Jeff D. Williams appeals from a final decree of divorce dissolving his marriage to Sheila M. Williams. In a single issue, Jeff contends that the trial court erred by not recognizing in the final decree that certain funds in his retirement account were his separate property from prior to the marriage and instead dividing the funds as community property. We affirm in part and reverse and remand in part.

### *Discussion*

All property owned by a spouse before marriage is the separate property of that spouse. Tex. Const. art XVI, § 15; Tex. Fam. Code § 3.001(1). Courts do not have discretion to divest one spouse from his or her separate property and award that property to the other spouse. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 142 (Tex. 1977); *Graves v. Tomlinson*, 329 S.W.3d 128, 156 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). The law presumes, however, that property owned by either spouse at the time of the dissolution of the marriage is community property. Tex. Fam. Code § 3.003(a). This presumption may be overcome, and the property shown to be separate property, only by clear and convincing evidence. *Id*. § 3.003(b).

As mentioned above, in his sole issue, Jeff asserts the trial court erred by not recognizing in the decree that his retirement account contained $18,143 in separate property funds before dividing the contents of that account between the parties as part of the division of the community estate. Jeff appears to raise two arguments in support of his position: (1) that the trial court erroneously failed to include a separate property finding in the decree when the judge in fact made such a finding in his oral pronouncements at the end of trial,[1] and (2) that Jeff established the separate property nature of the funds by clear and convincing evidence and the trial court therefore had no discretion to divide the funds as community property.

We begin by noting that Jeff's first argument, i.e., that the decree did not conform to the judge's oral pronouncements, is not well founded. Jeff does not

---

[1] The trial court included Jeff's retirement account in the section of the decree entitled "Division of Marital Estate" and did not reference at any point in the decree that any portion of the account was Jeff's separate property. In making an oral rendition at the conclusion of the trial, however, the judge stated that Sheila was to receive a 60-40 split of "the community portion" of the retirement accounts.

2

cite to any place in the record where he preserved this argument by making it in the trial court. *See Jackson v. Saradjian*, No. 01–11–00128–CV, 2013 WL 4680223, at *2 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op.) (holding appellant waived argument regarding alleged variance between oral rendition and written decree when she did not raise it in post-judgment motion or argue fundamental error); *Brooks-Khamisa v. Khamisa*, No. 09–09–00430–CV, 2011 WL 3505187, at *1 (Tex. App.—Beaumont Aug. 11, 2011, no pet.) (mem. op.) (explaining that a timely motion to modify the judgment will preserve the issue); *Stallworth v. Stallworth*, 201 S.W.3d 338, 349 (Tex. App.—Dallas 2006, no pet.) (holding wife waived any error stemming from variance between oral rendition and decree when she failed to file a motion for new trial). Although Jeff filed a motion for new trial, it does not reference any alleged variance between the judge's oral rendition and the final decree. Moreover, because a trial court has the power to modify its judgment at any point during its plenary power, appellate courts interpret variances between a judge's oral rendition and the final decree to effectively be modifications. *See Brooks-Khamisa*, 2011 WL 3505187, at *1; *Stallworth*, 201 S.W.3d at 349; *Cook v. Cook*, 888 S.W.3d 130, 131-32 (Tex. App.—Corpus Christi 1994, no writ). Thus, as long as the evidence supports the trial judge's decision, the judge did not err in entering a written decree at variance with the oral pronouncement.

We therefore turn to Jeff's second argument, which we interpret as a challenge to the legal and factual sufficiency of the evidence to support the trial court's implied finding that Jeff failed to overcome the community property presumption in relation to the $18,143 in retirement funds. *See Zamarripa v. Zamarripa*, No. 14-08-00083-CV, 2009 WL 1875580, at *4 (Tex. App.—Houston [14th Dist.] June 30, 2009, pet. denied) (reviewing challenge to trial court's

3

implied finding that husband failed to rebut the community property presumption). Because the standard of proof for overcoming the community presumption is a heightened standard, requiring clear and convincing evidence, the standard of review on appeal also is heightened. *Stavinoha v. Stavinoha*, 126 S.W.3d 604, 608-09 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

A spouse claiming property as separate must trace and clearly identify the property. *Graves*, 329 S.W.3d at 139. Tracing requires presenting evidence establishing the time and means by which the spouse obtained the property. *Id.* The clear and convincing standard generally will not be not satisfied simply by testimony that the property is separate property when that testimony is contradicted or unsupported by documentary evidence. *Id.*; *Zamarripa*, 2009 WL 1875580, at *4. In a legal sufficiency review of a separate property finding, we examine all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *Stavinoha*, 126 S.W.3d at 608; (citing *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2003)). In doing so, we assume the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so and disregard all contrary evidence that a reasonable factfinder could have disbelieved. *Id.* We can, however, consider undisputed facts that do not support the finding. *Id.* We may only sustain a legal sufficiency challenge when (1) the record discloses a complete absence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the sole evidence offered to prove a vital fact, (3) the sole evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005).[2]

---

[2] Because we hold that the evidence was legally insufficient to support the trial court's

4

In this case, all of the evidence at trial relating to Jeff's Nationwide Retirement Solutions account indicated that $18,143 of that account was earned as separate property prior to his marriage to Sheila. Both parties presented inventories representing that amount in that account as Jeff's separate property. Sheila acknowledged in her testimony that she did not dispute that Jeff owned the funds as his separate property from prior to the marriage. In his testimony, Jeff indicated that when he began employment with the Port of Houston, the job through which he had the Nationwide retirement account, he rolled $18,143 over from another retirement account that he owned as separate property from prior to his marriage with Sheila. Jeff additionally testified that Respondent's Exhibit 8 illustrated the rollover of this separate property amount. Exhibit 8 is a statement for Jeff's Nationwide retirement account. It shows a column and amounts for his "457(b) Plan" with the Port of Houston as well as a column headed "457(b) Rollover," showing a transfer in of $18,143. Sheila does not cite any evidence suggesting the $18,143 was not Jeff's separate property but instead leans heavily on the trial court's discretion in dividing the marital estate. The trial court, however, did not have discretion to divest Jeff of his separate property. *See Eggem*eyer, 554 S.W.2d at 142; *Graves*, 329 S.W.3d at 156. Jeff presented testimonial and documentary evidence conclusively establishing that the $18,143 in his retirement account is his separate property; consequently, the trial court erred in holding otherwise. We therefore sustain Jeff's sole issue.

### *Disposition*

Because only the trial court is authorized to make a just and right division of community property, we must remand the entire community estate for a new

---

implied finding, we need not consider whether the evidence was factually sufficient. *See generally* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion . . . that addresses every issue . . . necessary to final disposition of the appeal.").

5

division when we find reversible error that materially affects the trial court's determination. *Graves*, 329 S.W.3d at 153; *Stavinoha*, 126 S.W.3d at 608. If the trial court mischaracterized property with such value that it might affect the just and right division, then the mischaracterization is harmful and requires us to remand for a new division of the properly characterized community property. *Graves*, 329 S.W.3d at 153; *Stavinoha*, 126 S.W.3d at 617. If, on the other hand, the mischaracterized property had only a de minimis effect on the trial court's just and right division, then no remand is necessary. *Graves*, 329 S.W.3d at 153; *Stavinoha*, 126 S.W.3d at 617. Here, the trial court essentially overvalued the marital estate by $18,143 before deriving a just and right division of that estate. Given the overall value of the estate at issue here, we cannot say that such overvaluation was de minimis.[3]

Accordingly, although we affirm the trial court's grant of divorce and dissolution of the marriage, we sever the remainder of the judgment and reverse and remand for further proceedings in accordance with this opinion.

/s/    Martha Hill Jamison
       Justice

Panel consists of Justices Jamison, Donovan, and Brown.

---

[3] Based on values included in Sheila's inventory, the mischaracterization of the separate property retirement funds resulted in an approximately 7.5 percent increase in the value of the marital estate. On remand, the trial court may, but is not required to, consider adjusting the percentage of the community property awarded to each party.