**AFFIRM; Opinion Filed February 27, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01000-CV**

**IN THE INTEREST OF K.J.B., A CHILD**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-57199-2019**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Kennedy

Father, appearing pro se, appeals the trial court's final decree of divorce. We

affirm. Because all dispositive issues are settled in law, we issue this memorandum

opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

### BACKGROUND

Father and Mother were married on or about July 7, 2017. Their child, K.J.B.,

was born in 2018.

On December 4, 2019, Mother filed a petition for divorce, seeking to be

appointed sole managing conservator of the child with Father appointed possessory

conservator and, alternatively, that she and Father be appointed joint managing conservators of K.J.B. The Texas Attorney General intervened.[1]

Mother and Father propounded discovery to each other. After receiving each other's response, they both moved to compel, asserting the responses were inadequate. The trial court ordered Mother to produce specific documents, and Father to respond to discovery requests without objection. In November of 2020, Father filed motions for contempt, enforcement, and sanctions against Mother for alleged violations of various orders. There is no indication in the record that these motions were ruled on.

On August 13, 2021, Mother filed an amended petition for divorce, seeking to be appointed sole managing conservator of K.J.B. and alleging that appointment of herself and Father as joint managing conservators would not be in the best interest of the child. On August 17, the trial court conducted a bench trial, at the conclusion of which, the trial court judge granted the parties a divorce and directed Mother's attorney to draft the final decree of divorce. After Mother's attorney prepared the final decree of divorce, Father refused to approve the final decree of divorce. Mother filed motions to sign[2] the final decree of divorce, and Father objected to same. On November 2, the trial court conducted a hearing on the motion to enter judgment,

---

[1] The Texas Attorney General declined to file a brief in this matter.

[2] The record does not indicate whether Mother was moving to compel Father or request the trial court judge sign the final decree of divorce.

during which the court ordered changes be made to the proposed final decree of divorce. That afternoon, the judge signed the final decree of divorce. Father timely filed his notice of appeal.

## DISCUSSION

On appeal, as in trial, a pro se appellant must properly present her case. *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). Although we liberally construe pro se briefs, litigants who represent themselves are required to comply with applicable rules and are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.–Dallas 2008, no pet.). To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney. *In re N.E.B.*, 251 S.W.3d at 212.

In keeping the foregoing principles in mind, we construe Father's brief to raise the following issues:[3]

1.  The trial court erred by excluding evidence.

2.  The trial court erred by failing to take judicial notice when requested by Father.

3.  The trial court erred by denying Father's motion for abatement.

---

[3] Mother argues many of Father's issues are "multifarious," urging that these issues allege multiple unrelated issues. We may disregard any multifarious issue, but we may consider it if we can determine, with reasonable certainty, the error about which complaint is made. *See Rich v. Olah*, 274 S.W.3d 878, 885 (Tex. App.—Dallas 2008, no pet.). Because we can discern, with reasonable certainty, some of Father's issues, we will consider his arguments with respect to same to the extent they are preserved for our review. *See id.*; *see also* TEX. R. APP. P. 33.1(a).

4. The trial court erred by denying Father's challenge to the jurisdiction in which he urged that neither party satisfied the residency requirements.

5. The trial court erred in its division of the parties' property.

6. The trial court erred by failing to compel Mother to respond to Father's discovery requests.

7. The trial court erred by failing to impose sanctions on Mother for neglecting the K.J.B.

8. The trial court erred by failing to require Mother to change her name.

9. The trial court erred by granting the divorce on the ground of insupportability.

10. The trial court erred by entering a judgment not supported by sufficient evidence.

11. The trial court erred by demonstrating bias against Father.

## I. Preservation of Issues

Rule 33.1 of our appellate rules requires that, as a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by timely, request, objection or motion and that the trial court either ruled or refused to rule on the request. *See* TEX. R. APP. P. 33.1(a).

Mother argues that Father failed to preserve many of his issues, and we agree. Father's first issue regarding allegedly improper exclusion of evidence refers to the trial court's November 2 hearing at which he attempted to argue his motion challenging the court's jurisdiction on the ground that Mother failed to establish her residency in Collin County. However, the record contains no offer of any proof, only a reference to documents filed with the court. Similarly, Father's second issue

—4—

addressing the trial court's failure to take judicial notice and his third issue addressing his motion for abatement are not preserved by any objection or ruling in the record. As for Father's sixth issue regarding the trial court's alleged error in "allow[ing] [Mother] almost 2 years to present material from Motions for Discovery," although he urges he filed numerous motions for enforcement, he does not identify anywhere in the record where the trial court denied these motions or refused to rule on them. Because Father failed to preserve his first, second, third, and sixth issues, we need not consider them. *See* TEX. R. APP. P. 33.1(a).

## II. Jurisdiction

In his fourth issue, Father challenges the trial court's ruling denying his jurisdictional challenge. At the November 2 hearing on the motion to enter judgment, Father attempted to argue the trial court lacked jurisdiction over the suit, asserting his belief that Mother lived in California at that time she filed suit and did not live in Collin County or in Texas at that time. The trial court denied Father's motion as untimely.

A suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or the respondent has been: (1) a domiciliary of this state for the preceding six-month period; and (2) a resident of the county in which the suit is filed for the preceding 90-day period. *See* TEX. FAM. CODE § 6.301. Contrary to Father's framing of the issue, the provisions of the residency statute are not jurisdictional, but rather provide the necessary qualifications for bringing an

action for divorce. *See Stallworth v. Stallworth*, 201 S.W.3d 338, 345 (Tex. App.—Dallas 2006, no pet.). The question of residency is a fact issue for the trial court to determine, and the trial court's findings will not be disturbed unless there is a clear abuse of discretion. *See id.* A statement in the petition for divorce that the petitioner satisfies the residency and domicile requirements is considered a judicial admission in the divorce and obviates the need for any evidence on that issue. *See In Matter of Marriage of Svalesen*, No. 05-13-01151-CV, 2015 WL 4456096, at *2 (Tex. App.—Dallas July 21, 2015, no pet.) (mem. op.).

During trial, the trial court questioned whether either Father or Mother was a resident of Texas and of Collin County:

> COURT: Okay. Prior to filing for divorce, were one of you a resident of the State of Texas for the preceding six-month period and of Collin County for the preceding 90-day period?
>
> [FATHER]: I wasn't. Jurisdiction -- jurisdiction-wise, I never contested it, but she said she was.

Mother urges the foregoing constitutes some evidence that she met the residency requirements to support the trial court's finding in the final decree of divorce. Father argued, but did not testify or make any offer of proof, that Mother was a resident of California, and that, although he had lived in Texas before, he was not living in this state for the requisite statutory period before the suit was filed.

We note that the record contains Mother's December 4, 2019 petition and her August 13, 2021 amended petition. In both, Mother affirmatively states she has been a domiciliary of Texas for the preceding six-month period and a resident of "this

–6–

county for the preceding ninety-day period." These admissions were unequivocal and conclusively established the residence requirements. *See Svalesen*, 2015 WL 4456096, at *3. No further evidence was necessary. *See id.* Thus, we conclude the trial court did not abuse its discretion.

Accordingly, we overrule Father's fourth issue.

## III.    Division of Property

In a divorce decree, the trial court shall order a division of the parties' estate in a manner that the court deems just and right, having due regard for the rights of each party. TEX. FAM. CODE § 7.001. When exercising its broad discretion to divide the marital property, the trial court may consider many factors, including the nature of the marital property, the relative earning capacity and business opportunities of the parties, the parties' relative financial condition and obligations, the parties' education, the size of the separate estates, the age, health, and physical conditions of the parties, fault in breaking up the marriage, the benefit the innocent spouse would have received had the marriage continued, and the probable need for future support. *See Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981). The property division need not be equal. *See id.* at 698–99. The party complaining of the division of the community estate has the burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *See Slicker v. Slicker*, 464 S.W.3d 850, 858 (Tex. App.—Dallas 2015, no pet.). Generally, a party who does not provide to the trial court any

value for the property cannot, on appeal, complain of the trial court's lack of information in dividing the community estate. *See id.*

In his fifth issue, Father complains the trial court should not have divided the property as it did, but he provides no specific complaints regarding which property was improperly awarded or how the trial court's division of property constituted an abuse of discretion. *See Slicker*, 464 S.W.3d at 858. Accordingly, we overrule this issue.

## IV.  Sanctions

In his seventh issue, Father urges the trial court erred by "never institut[ing] sanctions upon [Mother] for causes of actions and deprivations against the parent child relationship." Father does not cite to any motion for sanctions and none are apparent from the record. Thus, to the extent his argument is that the trial court failed to sanction Mother pursuant to any request from him, that argument is not preserved. *See* TEX. R. APP. P. 33.1(a). Accordingly, we overrule this issue.

## V.  Mother's Name

In his eighth issue, Father urges the trial court failed to change Mother's surname on his request. Father does not cite anything in the record to establish this request was made. Further, although the family code provides for a party to request a change of his or her own name as part of a decree of divorce or annulment, Father does not cite to us any authority, and we have found none, to support any party's

attempt to change the name of another. *See* TEX. FAM. CODE § 6.706. Accordingly, we overrule this issue.

## VI.    Ground of Divorce

In his ninth issue, Father complains of the trial court's grant of divorce on the ground of insupportability and the failure to grant the divorce on the grounds of Mother's cruelty and "imprurient behavior." We construe his complaint to challenge the sufficiency of the evidence to support the ground of insupportability and to urge error in failing to grant the divorce on his asserted grounds.

We review the grounds on which a trial court grants a divorce for an abuse of discretion. *In re Marriage of C.A.S. & D.PS.*, 405 S.W.3d 373, 383 (Tex. App.— Dallas 2013, no pet.). A trial court's findings are reviewable for legal and factual sufficiency of the evidence under the same standards that are applied in reviewing evidence supporting a jury's answer. *See id.* at 382.[4] To determine whether the trial court abused its discretion because the evidence is legally or factually insufficient to support the trial court's decision, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion, and (2) erred in its

---

[4] In evaluating a legal sufficiency challenge, we credit evidence that supports the finding if a reasonable fact finder could, and disregard contrary evidence unless a reasonable fact finder could not. *See In re Marriage of C.A.S. & D.P.S.*, 405 S.W.3d 373, 382 (Tex. App.—Dallas 2013, no pet.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Newberry v. Newberry*, 351 S.W.3d 552, 555 (Tex. App.—El Paso 2011, no pet.). The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *See id.* (citing *City of Keller*, 168 S.W.3d at 827). In a factual sufficiency review, we examine all the evidence in the record, both supporting and contrary to the trial court's finding, and reverse only if the finding is so against the great weight of the evidence as to be clearly wrong and unjust. *See id.* at 382–83.

application of that discretion. *See id.* at 383. We conduct the applicable sufficiency review when considering the first prong of the test. *See id.* We then determine whether, based on the elicited evidence, the trial court made a reasonable decision. *See id.* A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *See id.*

The family code provides several grounds for divorce: insupportability, cruelty, adultery, conviction of felony, abandonment, living apart, and confinement in mental hospital. FAM. §§ 6.001–.007. On the petition of either party to a marriage, the court may grant a divorce without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marital relationship and prevents any reasonable expectation of reconciliation. *See* FAM. § 6.001.

Here, the record of the trial reflects that, in response to questions from the trial court judge, Father answered that his marriage to Mother had "become insupportable due to discord or conflict of personalities that destroy[ed] the legitimate ends of the marital relationship" and that there was no possibility of reconciliation. Thus, we conclude some evidence supports the trial court's finding of insupportability such that the trial court did not abuse its discretion.

As for the grounds of cruelty and "imprurient behavior," Father does not cite any evidence in the record to support either of these grounds, despite given an opportunity by this Court to include those record citations. *See Strange v. Cont'l*

–10–

*Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). We have no duty to perform an independent review of the record and the applicable law to determine if the trial court erred. *See id.* Further, to the extent Father complains the trial court did not allow the introduction of any supporting evidence, he failed to make any offer of proof or otherwise preserve this complaint. *See* TEX. R. APP. P. 33.1(a).

Accordingly, we overrule Father's ninth issue.

## VII. Sufficiency of the Evidence to Support the Final Decree of Divorce

We construe Father's tenth issue to challenge the sufficiency of the evidence to support the final decree of divorce. His only citation to the record is to reurge his complaint regarding the trial court judge's refusal to take judicial notice of the fact that there was another suit pending in Travis County, despite given an opportunity by this Court to include those record citations. *See Strange*, 126 S.W.3d at 678. Again, we have no duty to perform an independent review of the record and the applicable law to determine if the trial court erred. *See id.* Accordingly, we conclude Father waived his tenth issue.

## VIII. Judicial Bias

Although Father does not set forth this complaint as an issue separate from the other issues he raises, we construe his brief to raise the issue of judicial bias. In sum, he complains the trial court judge threatened him, mocked him, and otherwise

–11–

treated him with a lack of respect. He also alleges the trial court had predetermined

the outcome of the trial before considering any evidence from the parties.[5]

---

[5] Below are quotations from Father's brief with internal quotations attributed to the trial court judge:

"If we are going to trial, you are paying all of his attorney fees . . . ." This was used as a threat by the court to conform to the desires of the court after the Appellant repeatedly asked for a Trial.

"I'm going to pop you for his attorney fees." This was used as [] another deterrent for the court to steer a desired outcome without equality in the introduction of evidence and hearing the Appellant[']s merits on a case.

"You have no idea what you are doing." This was spoken as a tactic of abuse to diminish, discount, disregard, disgrace and degrade as was often the case [] when the filings were mentioned for abatement of the case based on the jurisdictional challenges after the Motions for discovery were reviewed taking 508 Calendar days to receive. There [were] also 3 Motions for Enforcement filed, 2 Contempt Filings, 4 Motions to Compel, 3 Motions for sanctions.

"Objection overruled." [T]his point was as the Appellant asked the court to consider the grounds for divorce in other terms.

"Pursuant to article II." This was brought and filed by the Appellant to the court. This was another option given, which would compel the court to hearing. This would furthermore allow the court the ability to the adherence of Law and application by the rules of the State of Texas.

"I'm signing a decree in 15 minutes." Spoken regardless of any petition or issue filed, raised or presented to the court, which was determinate in finalizing its mold of a Divorce decree.

Circumventing the rules allowed and presented a manipulated outcome. This outcome steered by the court, reached the courts desired result, not the litigants or results as determined by Law. In this assertion, the Trial court reached and perpetuated its own interest or the Trial court's economic efficiency. The Law was not allowed by the Court to protect the Appellant's Civil rights, and the mandate of the Law to operate impartially and equitably.

The Trial court[']s procedure explicitly treated and deemed the Appellant as unsophisticated, unstratified or lacking cerebral or professional utility. In short, the Appellant was handled as ignorant in the institution Law and process of Justice. The court constantly measured its ability of abuse and used its unfettered authority. The Court mocked the Appellant from the inception of the case and created within the proceedings trouble and distress, perplexities and despair, persecution, forsaking and casting down. The Appellant was subjugated to the suffering, humiliation, shame, embarrassment, loss, entrapment, sickness, and attack of constant judicial violation, on the way to a sealed, stamped Divorce decree.

First, we consider whether the trial judge's comments constituted bias as a matter of law. The United States Supreme Court has determined that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and opinions the judge forms during a trial do not necessitate recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, "[n]ot establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger . . . . A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *See id.* (quoting *Liteky*, 510 U.S. at 555–56). In short, a trial court has the inherent power to control the disposition of cases "with economy of time and effort for itself, for counsel, and for litigants." *See id.* (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).

---

The court discounted, disregarded, dismissed, disgraced and degraded the Appellant in the introduction of filing and verbalization of issue, in the pursuit of justice and fair judgment.

Through mockery, ridicule, dehumanization, projection, microaggressions, disrespect, threats, intimidation, force and coercion, proceedings and a complete trial were tainted along with Civil rights, violating United States of America Constitutional provisions, Federal Law statute, Texas State Law Texas Litigation Guide 20, and local rules; all aforementioned above by Appellant's Opinion.

Similarly, Texas courts have held that "the discretion vested in the trial court over the conduct of a trial is great." *See id.* (quoting *Schroeder v. Brandon*, 172 S.W.2d 488, 491 (1943)). A trial court has the authority to express itself in exercising this broad discretion. *See id.* at 240–41. Further, a trial court may properly intervene to maintain control in the courtroom, to expedite the trial, and to prevent what it considers to be a waste of time. *See id.* at 241.

We apply these principles to this case, and after carefully examining the judge's allegedly improper comments in the context of the entire record, we conclude there is no evidence of judicial bias. The record indicates that the judge exercised his broad discretion to maintain control and promote expedition and that none of the remarks or behavior rise to the level of "deep-seated favoritism or antagonism that would make fair judgment impossible." *See id.* at 240 (quoting *Liteky*, 510 U.S. at 555).

Accordingly, we overrule Father's eleventh issue.

**CONCLUSION**

We affirm the final decree of divorce.


/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

211000F.P05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF K.J.B., A
CHILD

No. 05-21-01000-CV

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-57199-
2019.
Opinion delivered by Justice
Kennedy. Justices Carlyle and
Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DELESIA BOX recover her costs of this appeal from appellant WILLIE BOX.

Judgment entered this 27th day of February 2023.