**Opinion issued November 18, 2025**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-23-00838-CV

—————————————

**CHAD GUNAL, Appellant**

**V.**

**GARY BLOCK AND LYNDSEY GUNAL, Appellees**

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-35730**

---

## MEMORANDUM OPINION

Chad Gunal appeals from the trial court's orders granting appellees Lyndsey Gunal and Gary Block's motion for summary judgment and to dismiss. We affirm.

## Background

This case stems from child support enforcement proceedings arising from a divorce between Chad and Lyndsey Gunal. Appellee Gary Block represented Lyndsey in the enforcement proceedings. In July 2021, after a hearing, the trial court orally rendered judgment for Lyndsey, finding that Chad had failed to pay child support for over a year. The court ordered Chad to pay child support arrears and held Chad in contempt. Rather than sending him to jail, the court ordered him to serve 60 months' community supervision. The court's oral rendition did not include attorney's fees.

Block prepared a proposed order for entry of judgment that included attorney's fees. He sent it to Chad's attorney, who relayed his objection to the inclusion of attorney's fees. Block prepared a second draft order, indicated that Chad did not agree to the inclusion of the attorney's fees, and submitted it to the trial court. The trial court signed the enforcement order that required Chad to pay child support arrears, attorney's fees, and expenses.[1]

In March 2022, Chad filed a motion for judgment nunc pro tunc, arguing that the trial court had inadvertently awarded attorney's fees in the July 2021 order. The trial court denied the motion.

---

[1] Chad did not move for a new trial.

Over a year later, Chad petitioned for bill of review to vacate the enforcement order, sought declaratory relief modifying the enforcement order by striking the attorney's fees, and alleged fraud claims against Block.

Lyndsey and Block answered and moved to dismiss and for summary judgment. TEX. R. CIV. P. 91a, 166(a). They argued that Chad could not utilize a declaratory judgment action to collaterally attack a final order, that all Chad's claims against Block were barred by the doctrine of attorney immunity, and that Chad's bill of review failed on the merits. After a hearing, the trial court granted the appellees's summary judgment and 91a motions. Chad appealed.

On appeal, he argues that the trial court erred in granting summary judgment and granting the appellants' 91a motion. We affirm. Because we hold that the trial court did not err in granting summary judgment in favor of Lyndsey and Block, we need not reach the trial court's 91a decision. TEX. R. APP. P. 47.1.

**Standard of Review**

We review a trial court's summary judgment de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). To prevail on a traditional motion for summary judgment, the movant has the burden of proving that he is entitled to judgment as a matter of law and that there is no genuine issue of material fact. TEX. R. CIV. P. 166a(c). In doing so, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in

3

the nonmovant's favor." *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan*, 555 S.W.3d at 84. "If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment." *Lujan*, 555 S.W.3d at 84; *see Maldonado v. Maldonado*, 556 S.W.3d 407, 414 (Tex. App.—Houston [1st Dist.] 2018, no pet.). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

If the trial court does not state the grounds upon which it grants summary judgment, an appellate court will affirm the judgment if any of the grounds set forth by the movant is meritorious. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).

## Analysis

We address Chad's claims in the following order: the bill of review, declaratory judgment action, and claims against Block.

## A. Bill of Review

A bill of review is an equitable proceeding brought by a party seeking to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 227 (Tex. 2015); *see* TEX. R. CIV. P. 329b(f). To obtain an equitable bill of review, a petitioner generally must plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the petitioner was prevented from making by the opposing party's fraud, accident, or wrongful act or by official mistake, (3) unmixed with any negligence of the petitioner's own. *Valdez*, 465 S.W.3d at 226. Bill of review plaintiffs are not obligated to prove the first two prongs when they claim a due process violation caused by lack of service or notice. *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012). Summary judgment will be granted against a bill of review petitioner if the summary judgment movant can establish the absence of any necessary element of the bill of review. *See In re Baby Girl S.*, 407 S.W.3d 904, 909 (Tex. App.—Dallas 2013, pet. denied) (citing *Montgomery v. Kennedy*, 669 S.W.2d 309, 311–12 (Tex. 1984)).

The record reflects that Chad could not prevail on his petition for bill of review because he did not establish that his failure to timely appeal the enforcement order was not due to his own negligence. It is undisputed that Chad failed to timely appeal the enforcement order entered on July 29, 2021. Chad

5

argues that he could not timely appeal because he did not receive notice of the enforcement order. The appellate record shows that six days after the trial court signed the order, the clerk mailed notice of the order to Chad's home address.[2]

Chad also argues that Block's alleged misconduct prevented him from timely appealing. He argues that Block "provided false information to the Court outside of trial setting" resulting in the trial court signing an order inconsistent with its oral rendition.

Even assuming Chad's allegations against Block are true, he cannot show that Block's conduct prevented him from appealing the enforcement order. Chad does not dispute that (1) Block submitted a proposed order to Chad's attorney, which included attorney's fees; (2) Chad's attorney objected to the inclusion of the fees; (3) Block notified the court of Chad's attorney's objection and submitted a second proposed order excluding an attorney's fees award. Chad was served with both proposed orders. The record reflects he received notice of the signed order, and the record does not reflect, nor does Chad present summary judgment evidence of, any action by Block after the signing of the order that would have prevented Chad from appealing.

Finally, Chad cannot prevail on his bill of review because he cannot establish a meritorious defense. Chad argues that the trial court entered an

---

[2]     The notice of judgment was sent directly to Chad because his attorney had not filed a formal appearance in the enforcement proceeding.

erroneous order because it orally rendered judgment denying attorney's fees, then signed a judgment awarding them. Rendition "is the act by which the court declares the decision of the law upon the matters at issue." *Stallworth v. Stallworth*, 201 S.W.3d 338, 348 (Tex. App.—Dallas 2006, no pet.). "Judges' oral announcements are often necessarily tentative and may not cover all the details of a final decree since they know they will review the draft of judgment before signing it." *Id.* at 349. If the written order does not comport with the judgment rendered, the parties are entitled to have the order reformed to accurately reflect the decisions of the trial court. *Id.* The trial court also maintains the power to modify its judgment for 30 days after its signing. *Id.*

The Family Code requires the trial court to award attorney's fees when enforcing child support orders. *See* TEX. FAM. CODE § 157.167(a); *Tucker v. Thomas*, 419 S.W.3d 292, 296 (Tex. 2013). Therefore, the trial court's judgment awarding attorney's fees was not erroneous. Chad does not have a meritorious ground for appeal.

The trial court did not err in granting summary judgment in favor of Lyndsey and Block on Chad's request for bill of review.

We overrule Chad's issue related to his petition for bill of review.

**B. Declaratory Judgment**

Chad argues that the trial court erroneously granted summary judgment on his declaratory judgment action in favor of Lyndsey and Block. Chad sought declarations that Block was a party to the motion for enforcement and that "Attorney Block was not entitled to the award of attorney['s] fees."

A declaratory judgment action may not be used to collaterally attack, modify, or interpret a prior judgment. *Kelly v. Wiggins¸* No. 14-17-00541-CV, 2018 WL 5797176, at *6 (Tex. App.—Houston [14th Dist.] Nov. 6, 2018, no pet.) (mem. op.); *Martin v. Dosohs I, Ltd.*, 2 S.W.3d 350, 353–54 (Tex. App.—San Antonio 1999, pet. denied) ("[T]he use of a declaratory judgment suit to interpret a judgment of the same or another court is an impermissible collateral attack on the previous judgment."). The declarations Chad sought are an attempt to modify the trial court's enforcement order against him. The trial court did not err in granting summary judgment on the declaratory judgment action in favor of Lyndsey and Block because as a matter of law, the trial court cannot issue the declarations Chad sought.

We overrule Chad's issue related to his declaratory judgment action.

**C. Claims against Lyndsey's Attorney**

Chad asserted claims against Block for violation of his due process rights and fraud. Chad alleged that Block intentionally disregarded the court's order by

crafting the proposed order and submitting it to the court. Block moved for summary judgment asserting that Chad's claims against him are barred by the doctrine of attorney immunity. The trial court granted summary judgment, dismissing all claims against Block. On appeal, the parties dispute whether the doctrine of attorney immunity bars Chad's claims against Block.

"[A]ttorneys are duty-bound to competently, diligently, and zealously represent their clients' interests while avoiding any conflicting obligations or duties to themselves or others." *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 79 (Tex. 2021). "Under Texas law, attorneys are generally immune from civil liability to nonclients for actions taken within the scope of legal representation if those actions involve 'the kind of conduct' attorneys engage in when discharging their professional duties to a client." *Taylor v. Tolbert*, 644 S.W.3d 637, 642 (Tex. 2022). "Attorney immunity exists to promote such loyal, faithful, and aggressive representation by alleviating in the mind of the attorney any fear that he or she may be sued by or held liable to a non-client for providing such zealous representation." *Haynes & Boone*, 631 S.W.3d at 79 (internal quotation and citation omitted).

The common-law attorney-immunity defense "applies to lawyerly work in 'all adversarial contexts in which an attorney has a duty to zealously and loyally represent a client' but only when the claim against the attorney is based on 'the kind of conduct' attorneys undertake while discharging their professional duties to

a client." *Taylor*, 644 S.W.3d at 646 (quoting *Haynes & Boone*, 631 S.W.3d at 67).[3] "Stated inversely, if an attorney engages in conduct that is not 'lawyerly work' or is 'entirely foreign to the duties of a lawyer' or falls outside the scope of client representation, the attorney-immunity defense is inapplicable." *Id.* (citing *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 47, 51–53 (Tex. 2021)).

"In determining whether conduct is 'the kind' immunity protects, the inquiry focuses on the *type* of conduct at issue rather than the alleged wrongfulness of that conduct." *Taylor*, 644 S.W.3d at 646. For attorney immunity to apply, the alleged conduct must involve the attorney's skills as an attorney and his uniquely lawyerly capacity. *Id.* Attorney immunity can apply to allegedly fraudulent actions taken by an attorney as part of the discharge of his duties in representing a client. *See Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 483–86 (Tex. 2015).

In this case, Chad complains of Block's conduct when Block represented Lyndsey during litigation between Chad and Lyndsey. He claims that Block "knowingly and intentionally" submitted a proposed order that was inconsistent with the trial court's oral rendition. Block's drafting and submitting proposed orders to the court is "lawyerly work" undertaken to discharge duties to a client.

---

[3] Chad raises an argument for the first time in his reply brief that 42 U.S.C. § 1983 abrogates this common-law defense. We decline to consider arguments raised for the first time in a reply brief. *See City of San Antonio v. Shautteet*, 706 S.W.2d 103, 104 (Tex. 1986) (issue presented for first time in reply brief "should not have been considered by the court of appeals").

10

*Taylor*, 644 S.W.3d at 646. The complained-of actions fall within the scope of Block's legal representation of Lyndsey. Therefore, attorney immunity bars Chad's claims against Block. The trial court did not err in granting summary judgment in favor of Block and dismissing Chad's claims against him.

We overrule Chad's issue related to the trial court's dismissal of his claims against Block.

## Conclusion

We affirm the trial court's judgment.


Susanna Dokupil
Justice

Panel consists of Chief Justice Adams and Justices Morgan and Dokupil.